The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, AR 72342-2813
Dear Representative Cunningham:
This is in response to your request for an opinion on the following questions:
 1. What information from the personnel files of municipal employees, if any, is an elected city attorney entitled to review upon the assumption of his office?
 2. By what statutory authority, if any, may an elected city attorney specify the process that a municipal police department must follow before the city attorney will prosecute a case in municipal court?
 3. Under what circumstances, if any, may a city attorney decline to prosecute a case in municipal court?
Regarding your first question, I assume as an initial matter that this is asked with respect to municipal employees other than employees in the city attorney's office. The city attorney presumably has access to the entire personnel file of those whom he or she supervises.
With regard to other municipal employees, there is no provision of state law giving a city attorney unlimited access to such personnel files. This office has previously noted that the Arkansas Freedom of Information Act ("FOIA") does not address who may or may not review records by virtue of an official position. See Op. Att'y Gen. 89-330. The FOIA is thus silent on the matter. Of course, because personnel records are generally "public records" under the FOIA, the city attorney would have the right as a state citizen to review such records, except "to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy[.]" A.C.A. § 25-19-105(b)(10) (Supp. 1995). Thus, as noted by one recognized commentator on the FOIA, the issue regarding government officials' authority, apart from the FOIA, to inspect records becomes important "when the documents would be exempt from disclosure under the [FOIA], since any citizen has a right of access to nonexempt records." J. Watkins, The Arkansas Freedom of Information Act 68 (2nd ed. 1994).
As to any exempt information contained in a personnel file, i.e., information the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy," a determination regarding the city attorney's access may depend upon the particular circumstances. Generally, as noted above, I am unaware of any authority for the proposition that a city attorney is entitled to unlimited access to all exempt information merely by virtue of his or her official position. This is not to say, however, that the city attorney will in all circumstances be subject to the same limitations as the "public" in accessing records. The "clearly unwarranted invasion" exemption is an exception to the release of documents to the "public." See A.C.A. § 25-19-105(b) and, generally, Op. Att'y Gen. 95-131. Thus, while the city attorney would not be entitled to review exempt records as a state citizen pursuant to the FOIA, access to such records might in some instances be necessary in connection with his or her representation of the city or city officials as legal counsel. The city attorney would, in my opinion, likely be entitled to review the information in that situation, assuming that this reasonably falls within the exercise of his powers and duties. In this regard, see generally, A.C.A. § 14-43-313 (1982) (the city attorney in cities of the first class shall "perform the duties . . . prescribed by ordinance[;]" and § 14-42-112 (1987) ("[t]he duties of the municipal attorney [in cities of the second class and incorporated towns] shall be to represent the city or town in all actions, both civil and criminal.")
Obviously, once the city attorney gains access to any records that are exempt from public disclosure under the FOIA, he or she will then be bound, as is the regular custodian, by the nondisclosure requirements of the FOIA. See generally Op. Att'y Gen. 91-374 (exemptions under the FOIA are mandatory rather than permissive).
The answers to your second and third questions become apparent, in my opinion, upon recognition of the general principle of prosecutorial discretion. Prosecuting attorneys are generally invested with the discretion to file criminal charges, and the discretion to request dismissal of charges. See Webb v. Harrison, 261 Ark. 279, 547 S.W.2d 748
(1977). As stated by the United States Supreme Court:
 In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion.
Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).
This office has on several occasions refused to issue an opinion concerning the pursuit of criminal charges, based upon the prosecutor's discretion in the matter. See, e.g., Ops. Att'y Gen. 95-230, 89-150, and 88-171. I have also cited to the prosecutor's discretion in response to questions concerning other official's involvement in pursuing criminal matters. In this regard, I have opined that prosecuting attorneys are not obligated to prosecute all citations and arrests made by constables. Op. Att'y Gen. 93-261. And I have stated that a decision whether to pursue municipal fines and related charges in a particular matter rests with the prosecuting attorney, not the mayor and/or city council. Op. Att'y Gen.93-058.
It seems clear that this prosecutorial discretion extends to the city attorney, who is generally responsible for prosecuting misdemeanor cases in municipal or other corporation courts. See A.C.A. §§ 16-21-115 and -150 (Repl. 1994), as interpreted in Op. Att'y Gen. 95-235. Thus, in response to your second question involving the process that a municipal police department ("department") must follow, although my research has disclosed no specific statutory authority in this regard, the city attorney's discretion in prosecuting cases must be noted. A conclusive determination would probably require reference to the particular "process" being specified. As a practical matter, however, unless the procedure(s) runs counter to some authority vested in the department, or is somehow unlawful under another legal theory, it appears that compliance will be necessary.
It is my opinion, similarly, in response to your third question, that the circumstances may generally be determined by the city attorney in the exercise of his or her prosecutorial discretion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh